**E UNSEALED PER ORDER OF COURT**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>RONALD GRUSD (1),<br>GONZALO PAREDES (2),<br>ALEXANDER MARTINEZ (3),<br>RUBEN MARTINEZ (4),<br>CALIFORNIA IMAGING NETWORK<br>     MEDICAL GROUP (5),<br>WILLOWS CONSULTING COMPANY (6),<br>LINE OF SIGHT, INC. (7),<br>DESERT BLUE MOON (8),<br><br>              Defendants. | Case No. **15 CR 2821 BAS**<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371 - Conspiracy to Commit Honest Services Mail Fraud, Mail Fraud and Violate Travel Act; Title 18, U.S.C., Secs. 1341 and 1346 - Honest Services Mail Fraud; Title 18, U.S.C., Sec. 1952(a)(1)(A) and (a)(3)(A) - Travel Act; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

The Grand Jury charges, at all times relevant:

### INTRODUCTORY ALLEGATIONS

### THE DEFENDANTS AND OTHER PARTICIPANTS

1. Defendant RONALD GRUSD ("GRUSD") was a physician who had been licensed by the State of California since 1987. Defendant GRUSD's primary area of practice was radiology, and he was certified by the American Board of Radiology in Diagnostic and Nuclear Radiology. Defendant GRUSD was an officer of several entities,

VHC:CPH:FAS:(2)nlv:San Diego
11/5/15

including defendants CALIFORNIA IMAGING NETWORK MEDICAL GROUP and WILLOWS CONSULTING COMPANY, and Oaks Diagnostics and Advanced Radiology.

2.  Defendant GONZALO PAREDES ("PAREDES") was an administrator for several of defendant GRUSD's entities, including defendants CALIFORNIA IMAGING NETWORK MEDICAL GROUP and WILLOWS CONSULTING COMPANY, and Advanced Radiology.

3.  Defendant ALEXANDER MARTINEZ worked as a marketer and administrator on behalf of Dr. A, a licensed chiropractor with three clinics in the Southern District of California. Defendant ALEXANDER MARTINEZ owned and operated defendant LINE OF SIGHT, INC., a professional corporation incorporated in Nevada whose principal place of business was in Calexico, California.

4.  Defendant RUBEN MARTINEZ worked as a marketer for Dr. A, soliciting patients for treatment at Dr. A's clinic in Calexico, California. Defendant RUBEN MARTINEZ owned and operated defendant DESERT BLUE MOON, a professional corporation incorporated in Nevada.

5.  Defendant CALIFORNIA IMAGING NETWORK MEDICAL GROUP ("CALIFORNIA IMAGING NETWORK") was a California Corporation formed in August 2007, which listed on its website locations in Los Angeles, Beverly Hills, San Diego, Fresno, Rialto, Santa Ana, Studio City, Bakersfield, Calexico, East Los Angeles, Lancaster, Victorville and Visalia. According to its website, defendant CALIFORNIA IMAGING NETWORK's principal business address was 8641 Wilshire Blvd., Ste. 105, Beverly Hills, California. Among the various services defendant CALIFORNIA IMAGING NETWORK offered were diagnostic imaging services and "Extracorporeal Shockwave Therapy." Defendant CALIFORNIA IMAGING NETWORK listed defendant GRUSD as its chief executive officer, chief

financial officer, secretary and only director. Defendant GRUSD was also the signatory on defendant CALIFORNIA IMAGING NETWORK's bank accounts.

6. Defendant WILLOWS CONSULTING COMPANY ("WILLOWS CONSULTING") was a California corporation, formed in June 2011, which listed 8641 Wilshire Blvd., Ste. 105, Beverly Hills, California as its principal business address. Defendant GRUSD was listed as its president and the only signatory on defendant WILLOWS CONSULTING's bank accounts.

7. Defendant LINE OF SIGHT, INC., a Nevada Corporation formed in October 2010, listed defendant ALEXANDER MARTINEZ as a director. Defendant LINE OF SIGHT's principal place of business was in Calexico, California, and defendant ALEXANDER MARTINEZ was the only authorized signatory on defendant LINE OF SIGHT's bank accounts.

8. Defendant DESERT BLUE MOON, a Nevada Corporation formed in August 2001, listed defendant RUBEN MARTINEZ as a director. Defendant RUBEN MARTINEZ was the only authorized signatory on DESERT BLUE MOON's bank accounts.

9. The Oaks Diagnostics, a California corporation formed in 1989 and doing business as Advanced Radiology, listed 8641 Wilshire Blvd., Ste. 105, Beverly Hills, California as its principal business address. Advanced Radiology provided Shockwave, nerve conduction velocity and electromyography testing and diagnostic imaging services. Advanced Radiology listed defendant GRUSD as its president. Defendant GRUSD was the only authorized signatory on Advanced Radiology's bank accounts.

10. Dr. A was a chiropractor licensed to practice in California, who operated three clinics specializing in chiropractic medicine.

11. Physicians, including medical doctors and chiropractors, owed a fiduciary duty to their patients, requiring physicians to act in their patients' best interests, and not for their own professional, pecuniary, or personal gain. Physicians owed a duty of honest services to their patients for decisions made relating to the care of those patients, including the informed choice as to whether to undergo ancillary medical procedures and, if so, an informed choice as to the providers of such ancillary medical procedures.

12. Defendants ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT and DESERT BLUE MOON worked with and on behalf of Dr. A in the referral of workers' compensation patients for ancillary medical procedures.

### CALIFORNIA WORKERS' COMPENSATION PROGRAM

13. The California Workers' Compensation System ("CWCS") required that employers in California provide workers' compensation benefits to their employees for qualifying injuries sustained in the course of their employment. Under the CWCS, all claims for payments for services or benefits provided to the injured employee, including medical and legal fees, were billed directly to, and paid by, the insurer. Most unpaid claims for payment were permitted to be filed as liens against the employee's workers' compensation claim, which accrue interest until paid in an amount ordered by the Workers' Compensation Appeals Board or an amount negotiated between the insurer and the service or benefits provider. The CWCS was regulated by the California Labor Code, the California Insurance Code, and the California Code of Regulations, and was administered by the California Department of Industrial Relations.

14. CWCS benefits were administered by the employer, an insurer, or a third party administrator. The CWCS required claims administrators to authorize and pay for medical care that was "reasonably required to cure or relieve the injured worker from the effects of his or her injury," and includes medical, surgical, chiropractic, acupuncture, and hospital treatment.

15. California law, including but not limited to the California Business and Professions Code, the California Insurance Code, and the California Labor Code, prohibited the offering, delivering, soliciting, or receiving of anything of value in return for referring a patient for ancillary medical procedures.

**ANCILLARY MEDICAL PROCEDURES**

16. Extracorporeal Shockwave Therapy ("shockwave") as used by defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology was a treatment modality that used low energy sound waves to initiate tissue repair of musculoskeletal conditions. The treatment was not a surgical procedure and patients were not placed under anesthesia. Shockwave had been approved by the Federal Drug Administration only for the treatment of chronic lateral epicondylitis (tennis elbow) for which the symptoms were unresponsive to standard therapy for more than six months.

17. Nerve conduction velocity ("NCV") was a test employed in electrodiagnostic medicine to see how fast electrical signals move through a nerve and was used to diagnose nerve injury or damage.

18. Electromyography ("EMG") was a test employed in electrodiagnostic medicine to evaluate and record the electrical activity produced by skeletal muscles and was used to diagnose nerve

5

injury or damage; an EMG was often performed in conjunction with NCV testing.

19. Diagnostic imaging services include magnetic resonance imaging ("MRI").

## Count 1
**CONSPIRACY TO COMMIT HONEST SERVICES MAIL FRAUD AND VIOLATE THE TRAVEL ACT, 18 USC § 371**

20. Paragraphs 1 through 19 of this Indictment are realleged and incorporated by reference.

21. Beginning on a date unknown and continuing through at least August 2015, within the Southern District of California and elsewhere, defendants RONALD GRUSD, GONZALO PAREDES, ALEXANDER MARTINEZ, RUBEN MARTINEZ, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, WILLOWS CONSULTING COMPANY, LINE OF SIGHT, INC., DESERT BLUE MOON, and others known and unknown did knowingly and intentionally conspire with each other to:

    a. commit Honest Services Mail Fraud, that is, knowingly and with the intent to defraud, devise and participate in a material scheme to defraud and to deprive patients of the intangible right to Dr. A's honest services, and cause mailings in furtherance of the scheme, in violation of Title 18, United States Code, Sections 1341 and 1346;

    b. commit Mail Fraud, that is, knowingly and with the intent to defraud, devise a material scheme to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, promises, and omissions and concealments of material facts, and cause mailings in furtherance of the scheme, in violation of Title 18, United States Code, Section 1341; and

c. use and cause to be used facilities in interstate commerce with intent to promote, manage, establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of an unlawful activity, that is, bribery in violation of California Labor Code Sections 139.3, 139.32, and 3215, California Business and Professions Code Section 650, and California Insurance Code Section 750 and, thereafter, to promote and attempt to perform acts to promote, manage, establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of such unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(1)(A) and (a)(3)(A).

## FRAUDULENT PURPOSE

22. It was a purpose of the conspiracy to fraudulently obtain money from CWCS insurers by submitting claims for ancillary procedures that were secured through a pattern of bribes to Dr. A, and to those acting with him and on his behalf, in exchange for the referral of patients to particular providers of ancillary medical procedures, in violation of Dr. A's fiduciary duty to his patients, and concealing from insurers the bribes that rendered the claims unpayable under California law.

## MANNER AND MEANS

23. The conspirators used the following manner and means in pursuit of their fraudulent purpose:

a. It was a part of the conspiracy that defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK, and WILLOWS CONSULTING, knowing that the payment of per-patient referral fees was unlawful, offered to pay bribes to Dr. A, ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT

and DESERT BLUE MOON in order to influence the referral of Dr. A's workers' compensation patients to defendant CALIFORNIA IMAGING NETWORK and other entities operated by defendant GRUSD and PAREDES.

   b.   It was a further part of the conspiracy that defendants ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT, and DESERT BLUE MOON agreed to accept per-patient referral fees from defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK, WILLOWS CONSULTING and others -- either directly or indirectly - in exchange for the referral of Dr. A's workers' compensation patients to defendant CALIFORNIA IMAGING NETWORK and other entities operated by defendant GRUSD and PAREDES.

   c.   It was a further part of the conspiracy that defendants ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT, DESERT BLUE MOON and others arranged to have defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK, WILLOWS CONSULTING and others conduct ancillary medical procedures on Dr. A's workers' compensation patients in exchange for unlawful per-patient referral fees.

   d.   It was a further part of the conspiracy that defendants concealed from patients, and intended to cause Dr. A to conceal from patients, the bribe payments Dr. A and defendants ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT, AND DESERT BLUE MOON received from defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and WILLOWS CONSULTING in exchange for referring patients for ancillary medical procedures, in violation of Dr. A's fiduciary duty to Dr. A's patients and in violation of the California Labor Code.

   e.   It was a further part of the conspiracy that proceeds from insurance claims paid to defendant CALIFORNIA IMAGING NETWORK were funneled through bank accounts by defendants GRUSD and PAREDES to a bank account in the name of defendant WILLOWS CONSULTING, which

supplied the kickback payments to defendants ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT, DESERT BLUE MOON and others.

    f.   It was a further part of the conspiracy that defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK, WILLOWS CONSULTING, ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT, DESERT BLUE MOON and others obscured the true nature of their financial relationships in order to conceal their corrupt bribe payments for patient referrals.

    g.   It was a further part of the conspiracy that defendants PAREDES, ALEXANDER MARTINEZ and RUBEN MARTINEZ discussed via telephone calls, emails, and in-person meetings the workers' compensation patients who had been corruptly referred for ancillary medical procedures to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK in exchange for kickbacks.

    h.   It was a further part of the conspiracy that defendants GRUSD, PAREDES, ALEXANDER MARTINEZ and RUBEN MARTINEZ utilized interstate facilities, including cellular telephones and email, in order to coordinate the referral of patients for ancillary medical procedures, knowing that such referrals were predicated on unlawful per-patient kickback payments.

    i.   It was a further part of the conspiracy that defendants ALEXANDER MARTINEZ and RUBEN MARTINEZ falsely labeled correspondence concerning lists of workers' compensation patients who had been corruptly referred for ancillary medical procedures as pertaining to "marketing hours" and similarly misleading phrases.

    j.   It was a further part of the conspiracy that defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK, and WILLOWS CONSULTING falsely characterized the bribes to Dr. A and defendants ALEXANDER

MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT, and DESERT BLUE MOON as payments for "professional services," when in fact the corrupt payments were made exclusively for the referral of patients for ancillary medical procedures.

k. It was a further part of the conspiracy that defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK, and WILLOWS CONSULTING used the mails to send bribes to Dr. A and defendants ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT, DESERT BLUE MOON, in exchange for the referral of Dr. A's patients for ancillary medical procedures.

l. It was a further part of the conspiracy that defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK, and WILLOWS CONSULTING used the mails to send bills to insurers for services provided to patients they had procured by paying bribes to Dr. A and other conspirators.

m. It was a further part of the conspiracy that defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK, WILLOWS CONSULTING and others acting on their behalf concealed from insurers and patients the material fact of the kickback arrangements, which were in violation of California state law, that led to the referrals.

n. Using the manners and means described above, defendants GRUSD, PAREDES, ALEXANDER MARTINEZ, RUBEN MARTINEZ, CALIFORNIA IMAGING NETWORK, WILLOWS CONSULTING, LINE OF SIGHT and DESERT BLUE MOON submitted and caused to be submitted claims in excess of $1 million for ancillary medical procedures procured through the payment of bribes.

//
//
//

**OVERT ACTS**

24. In furtherance of the conspiracy and in order to effect the objects thereof, the defendants and other co-conspirators caused the following overt acts in the Southern District of California and elsewhere:

    a. On or about November 7, 2014, defendant ALEXANDER MARTINEZ emailed defendant PAREDES a list of patients that had been referred to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology for ancillary medical procedures.

    b. On or about November 7, 2014, in consideration for the referral of patients, defendants GRUSD, PAREDES and WILLOWS CONSULTING caused a bribe to be paid to defendants ALEXANDER MARTINEZ and LINE OF SIGHT acting on behalf of Dr. A.

    c. On or about November 25, 2014, defendant ALEXANDER MARTINEZ emailed defendant PAREDES a list of patients that had been referred to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology for ancillary medical procedures.

    d. On or about December 3, 2014, in consideration for the referral of patients, defendants GRUSD, PAREDES and WILLOWS CONSULTING caused a bribe to be paid to defendants RUBEN MARTINEZ and DESERT BLUE MOON acting on behalf of Dr. A.

    e. On or about December 15, 2014, in consideration for the referral of patients, defendants GRUSD, PAREDES and WILLOWS CONSULTING caused a bribe to be paid to defendants RUBEN MARTINEZ and DESERT BLUE MOON acting on behalf of Dr. A.

    f. On or about December 17, 2014, in consideration for the referral of patients, defendants GRUSD, PAREDES and WILLOWS CONSULTING

caused a bribe to be paid to defendants ALEXANDER MARTINEZ and LINE OF SIGHT acting on behalf of Dr. A.

    g.    On or about December 17, 2014, defendants ALEXANDER MARTINEZ and RUBEN MARTINEZ exchanged emails in an effort to reconcile the lists of Dr. A's patients referred for ancillary medical procedures and the bribes that had been paid and were due and owing from various providers, including defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and WILLOWS CONSULTING.

    h.    On or about January 12, 2015, defendants RUBEN MARTINEZ and DESERT BLUE MOON caused payments to be made to Dr. A and defendant ALEXANDER MARTINEZ, which represented a portion of bribe payments received from various providers, including defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and WILLOWS CONSULTING, while acting on behalf of Dr. A and his patients.

    i.    On or about March 2, 2015, defendant GRUSD sent a text message to Dr. A in order to facilitate a meeting to discuss the referral of patients for ancillary medical procedures and the payment of bribes.

    j.    On or about March 4, 2015, defendants GRUSD and PAREDES met with Dr. A in order to discuss the referral of patients for ancillary medical procedures and the payment of bribes.

    k.    On or about March 4, 2015, in consideration for the referral of patients, defendants GRUSD, PAREDES and WILLOWS CONSULTING caused bribes to be paid to Dr. A and to defendants ALEXANDER MARTINEZ and LINE OF SIGHT acting on behalf of Dr. A

    l.    On or about March 6, 2015, defendants ALEXANDER MARTINEZ and LINE OF SIGHT caused a payment to be made to Dr. A, which represented a portion of bribe payments from various providers, including

defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and WILLOWS CONSULTING.

  m. On or about April 2, 2015, defendants ALEXANDER MARTINEZ and RUBEN MARTINEZ caused an email to be sent to defendant PAREDES with a list of patients that had been referred to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology for ancillary medical procedures.

  n. On or about April 6, 2015, in consideration for the referral of patients, defendants GRUSD, PAREDES and WILLOWS CONSULTING caused a bribe to be paid to defendants ALEXANDER MARTINEZ and LINE OF SIGHT acting on behalf of Dr. A

  o. On or about June 5, 2015, defendant GRUSD spoke with Dr. A and confirmed the amount of bribes to be paid for the referral of patients to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology for ancillary medical procedures.

  p. On or about July 16, 2015, in consideration for the referral of patients referred, defendants GRUSD, PAREDES and WILLOWS CONSULTING caused bribes to be paid to defendants ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT and DESERT BLUE MOON acting on behalf of Dr. A

All in violation of Title 18, United States Code, Section 371.

### Count 2
**HONEST SERVICES MAIL FRAUD, 18 U.S.C. §§ 1341, 1346 AND 2**

  25. Paragraphs 1 through 19 of this Indictment are realleged and incorporated by reference.

  26. Beginning on a date unknown and continuing through at least August 2015, within the Southern District of California and elsewhere, defendants RONALD GRUSD, GONZALO PAREDES, ALEXANDER MARTINEZ, RUBEN MARTINEZ, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, WILLOWS CONSULTING

COMPANY, LINE OF SIGHT, INC., and DESERT BLUE MOON knowingly and with the intent to defraud, devised a material scheme to defraud, that is, to deprive patients of their intangible right to Dr. A's honest services.

27. Paragraphs 22 through 24 of this Indictment are realleged and incorporated by reference as more fully describing the scheme to defraud, that is, to deprive patients of their intangible right to Dr. A's honest services.

28. On or about March 10, 2015, within the Southern District of California and elsewhere, defendants RONALD GRUSD, GONZALO PAREDES, ALEXANDER MARTINEZ, RUBEN MARTINEZ, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, WILLOWS CONSULTING COMPANY, LINE OF SIGHT, INC., and DESERT BLUE MOON, for the purpose of executing the scheme and attempting to do so, knowingly caused the following mail matter to be placed in a post office and authorized depository for mail matters to be delivered by the United States Postal Service: a claim for reimbursement for ancillary medical procedures for J. F. secured through the payment of bribes to Dr. A and those acting on his behalf.

All in violation of Title 18, United States Code, Sections 1341, 1346 and 2.

### Counts 3-8
### TRAVEL ACT, 18 USC §§ 1952(a)(1)(A), (a)(3)(A) AND 2

29. Paragraphs 1 through 19 are realleged and incorporated by reference.

30. Beginning on date unknown and continuing through at least August 2015, within the Southern District of California and elsewhere, defendants RONALD GRUSD, GONZALO PAREDES, ALEXANDER MARTINEZ, RUBEN MARTINEZ, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, WILLOWS CONSULTING

14

COMPANY, LINE OF SIGHT, INC., and DESERT BLUE MOON knowingly used and cause to be used facilities in interstate commerce with the intent to promote, manage, establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of an unlawful activity, that is, bribery in violation of California Labor Code Sections 139.3, 139.32, and 3215, California Business and Professions Code Section 650, and California Insurance Code Section 750 and, thereafter, to promote and attempt to perform acts to promote, manage, establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of such unlawful activity as follows:

| Ct | Date | Use of Facility in Interstate Commerce | Acts Performed Thereafter |
|---|---|---|---|
| 4 | 11/7/14 | Defendant ALEXANDER MARTINEZ emailed defendant PAREDES a list of patients that had been referred to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology for ancillary medical procedures. | On or about November 7, 2014, defendants GRUSD, PAREDES and WILLOWS CONSULTING caused a bribe to be paid to defendants ALEXANDER MARTINEZ and LINE OF SIGHT acting on behalf of Dr. A |
| 5 | 11/25/14 | Defendant ALEXANDER MARTINEZ emailed defendant PAREDES a list of patients that had been referred to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology for ancillary medical procedures. | Defendants GRUSD, PAREDES and WILLOWS CONSULTING caused bribes to be paid to defendants RUBEN MARTINEZ and DESERT BLUE MOON acting on behalf of Dr. A on December 3 and 15, 2014, and to ALEXANDER MARTINEZ and LINE OF SIGHT acting on behalf of Dr. A on December 17, 2014. |

| Ct | Date | Use of Facility in Interstate Commerce | Acts Performed Thereafter |
|---|---|---|---|
| 6 | 12/17/14 | Defendants ALEXANDER MARTINEZ and RUBEN MARTINEZ exchanged emails in an effort to reconcile the lists of Dr. A's patients referred for ancillary medical procedures and the bribes that had been paid and were due and owing from defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and WILLOWS CONSULTING. | On or about January 12, 2015, defendants RUBEN MARTINEZ and DESERT BLUE MOON paid Dr. A and defendant ALEXANDER MARTINEZ a portion of bribe payments received from various providers, including defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and WILLOWS CONSULTING, while acting on behalf of Dr. A |
| 7 | 3/2/15 | Defendant GRUSD sent a text message to Dr. A to facilitate a meeting to discuss the referral of patients for ancillary medical procedures and the payment of bribes. | On or about March 4, 2015, in consideration of patients referred for ancillary medical procedures, GRUSD and PAREDES met with and paid bribes to Dr. A and to defendants ALEXANDER MARTINEZ and LINE OF SIGHT acting on behalf of Dr. A |
| 8 | 4/2/15 | Defendants ALEXANDER MARTINEZ and RUBEN MARTINEZ caused an email to be sent to defendant PAREDES with a list of patients that had been referred to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology for ancillary medical procedures. | On or about April 6, 2015, in consideration of patients referred for ancillary medical procedures, defendants GRUSD, PAREDES and WILLOWS CONSULTING caused a bribe to be paid to defendants ALEXANDER MARTINEZ and LINE OF SIGHT acting on behalf of Dr. A |

16

| Ct | Date | Use of Facility in Interstate Commerce | Acts Performed Thereafter |
|---|---|---|---|
| 9 | 6/5/15 | Defendant GRUSD spoke on the telephone with Dr. A and confirmed the amount of bribes to be paid for the referral of patients to defendants GRUSD, PAREDES, CALIFORNIA IMAGING NETWORK and Advanced Radiology for ancillary medical procedures. | On or about July 16, 2015, in consideration of patients referred for ancillary medical procedures, defendants GRUSD, PAREDES and WILLOWS CONSULTING paid bribes to defendants ALEXANDER MARTINEZ, RUBEN MARTINEZ, LINE OF SIGHT and DESERT BLUE MOON acting on behalf of Dr. A |

All in violation of Title 18, United States Code, Sections 1952(a)(1)(A), (a)(3)(A) and 2.

### FORFEITURE ALLEGATION

31. Paragraphs 1 through 30 of this Indictment are realleged and incorporated as if fully set forth herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

32. Upon conviction of the offenses of Conspiracy, Honest Services Mail Fraud and Travel Act as alleged in Counts 1 through 9, defendants RONALD GRUSD, GONZALO PAREDES, ALEXANDER MARTINEZ, RUBEN MARTINEZ, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, WILLOWS CONSULTING COMPANY, LINE OF SIGHT, INC., and DESERT BLUE MOON shall forfeit to the United States all right, title, and interest in any property, real or personal, that constitutes or was derived from proceeds traceable to a violation of such offenses, including a sum of money equal to the total amount of gross proceeds derived, directly or indirectly, from such offenses.

33. If any of the above described forfeitable property, as a result of any act or omission of defendants RONALD GRUSD, GONZALO PAREDES, ALEXANDER MARTINEZ, RUBEN MARTINEZ, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, WILLOWS CONSULTING COMPANY, LINE OF SIGHT, INC., and DESERT BLUE MOON: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; it was the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of defendants RONALD GRUSD, GONZALO PAREDES, ALEXANDER MARTINEZ, RUBEN MARTINEZ, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, WILLOWS CONSULTING COMPANY, LINE OF SIGHT, INC., and DESERT BLUE MOON up to the value of the forfeitable property described above;

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: November 5, 2015.

A TRUE BILL:

Foreperson

LAURA E. DUFFY
United States Attorney

By: VALERIE H. CHU
Assistant U.S. Attorney

By: CAROLINE P. HAN
Assistant U.S. Attorney

By: FRED A. SHEPPARD
Assistant U.S. Attorney