1        United States District Court

2      For the Southern District of California

3

4                                    )
5   UNITED STATES OF AMERICA,        )
                                     )  No. 15cr2821-BAS
6        Plaintiff,                  )
                                     )  August 9, 2017
7              v.                    )
                                     )  San Diego, California
8   RONALD GRUSD, et al.,            )
                                     )
9        Defendants.                 )
                                     )
10

11             Transcript of Proceedings
         BEFORE THE HONORABLE CYNTHIA BASHANT
12             United States District Judge

13  APPEARANCES:

14  For the Plaintiff:     UNITED STATES ATTORNEY'S OFFICE
                           FRED SHEPPARD
15                         VALERIE CHU

16  For Defendant GRUSD:   THOMAS ARTHUR MESEREAU, JR.
                           SHARON BETH APPELBAUM
17                             Attorneys at Law

18  For Defendant PAREDES: JENNIFER GOLDMAN
                               Attorney at law
19

20

21

22
    Court Reporter:        Dana Peabody, RDR, CRR
23                         District Court Clerk's Office
                           333 West Broadway, Suite 420
24                         San Diego, California, 92101
                           DanaPeabodyCSR@gmail.com
25

1    San Diego, California, August 9, 2017

2              *  *  *

3    THE CLERK:  Calling matter number 3, 15cr2821, United

4  States of America versus Ronald Grusd and Gonzalo Paredes,

02:15   5  California Imaging Network Medical Group, Willows Consulting

6  Group on calendar for motion hearing.

7    MR. SHEPPARD:  Fred Sheppard and Valerie Chu on behalf

8  of the United States, Your Honor.

9    MS. CHU:  Good afternoon.

02:16  10    MR. MESEREAU:  Tom Mesereau representing Dr. Grusd who

11  is present.

12    MS. APPELBAUM:  Sharon Appelbaum also representing

13  Dr. Grusd.

14    MS. GOLDMAN:  Jennifer Goldman appearing for Gina

02:16  15  Tennen for Mr. Parades today.

16    THE COURT:  Okay.  This was set for a status because

17  my understanding -- has everyone been arraigned on the

18  superseding information?  That's all been taken care of.

19  There's a superseding indictment charging 45 new counts.  The

02:16  20  defendants would like more time and to put the trial out.  The

21  government is opposed.

22    I can tell you at this point just because the defendants

23  had discovery detailing these additional charges doesn't mean

24  they were prepared to defend them at trial, and they had

02:16  25  informed us, and both me and you, that they were going to be

out of pocket in another trial in August and September, and so

I don't think it gives them a whole lot of time to prepare for

the trial date that we had already set.

So I think continuance given the new charges is warranted

in this case. I understand that the government has some

proposed dates. I don't know if the defense has had a chance

to take a look at those. Is there any opposition to those

proposed dates?

MS. APPELBAUM: Your Honor, we are fine with the

proposed trial date of November 28, 2017. We would like to

discuss, though, the schedule that the government has proposed

regarding the motion in limine hearing. They put that out a

full month before. We were hoping to keep that just a week or

two before just like we had in the original schedule.

THE COURT: How about two weeks before? I think

sometimes motion in limines can help people decide what they're

going to do at trial, help pare things down, and I think it's

better for everyone if you know so that you can not have to

scramble in the last week. Two weeks before?

MR. SHEPPARD: That's fine, Your Honor.

THE COURT: Does that work for us?

THE CLERK: November 13th.

THE COURT: How about November 13 for the motion in

limine, and then you've already filed a motion. Can we hear

that on the 25th? The government hasn't filed a response yet,

1    a motion to dismiss.

2         MR. SHEPPARD:  That's what we propose as well as we

3    have informed counsel and provided the discovery already with

4    regards to a 404(b) motion we intend to file or notice up, and

02:18    5    so I imagine -- we'd like to address both those matters at that

6    time.

7         THE COURT:  Any objection to the 25th?  Does that

8    work?

9         MS. APPELBAUM:  Okay, Your Honor, that sounds fine.

02:18    10         THE COURT:  Okay.  I'll grant the motion to continue.

11   We'll set this for -- on motions, the motion to dismiss as well

12   as if the government has additional motions to be heard on the

13   25th at 2:00.  2:30.  At 2:30.  We'll set the motions in limine

14   on November 13th at 10:00, and we'll set it for trial on

02:18    15   November 28 at 9:00.  And just for the record, the government

16   requests that this be a firm date.  It will be a firm date if

17   you stop moving the target.  And so I can't guarantee if

18   something new suddenly comes up and there are new charges or

19   there's suddenly some new thing, obviously I'll have to address

02:19    20   that -- cross that bridge when we come to it.

21      At this point I intend to go forward with the trial on that

22   date.  I don't see any reason for it not to go forward on that

23   date unless you bring to my attention something I'm not

24   currently aware of.

02:19    25         MR. SHEPPARD:  So on somewhat related to that point,

counsel had talked about the possibility of noticing up or

requesting an expert in some field related to the charges.  In

order to adequately address that as well as the advice of

counsel defense, I'm asking so that those can be addressed at

02:19  least at the in lim and we would be able to have the chance if

Your Honor would set a date for the advice of counsel discovery

and an expert notice for both sides, us as well, sometime --

THE COURT:  I think --

MR. SHEPPARD:  -- in October.

02:20  THE COURT:  -- the disclosure of expert witnesses as

well as the advice of counsel defense should be in enough time

so that if there is a motion in limine to exclude either side's

expert, we can address that motion at the motion in limine, and

that would go for both sides, if the government has any expert

02:20  witnesses that the defense feels are not appropriate or the

defense has experts that the government feels are not

appropriate.  So if your motions for the motions in limine are

due two weeks before --

THE CLERK:  The 30th.

02:20  MR. SHEPPARD:  October 30th.

THE COURT:  -- October 30th, how much time would you

like to have that in advance so that you can prepare a motion

in limine to exclude if you don't?  Two weeks?

MS. APPELBAUM:  So, Your Honor, we're talking about

02:20  the expert issue witness right now, and we'll get to the advice

1  of counsel in a second.

2  THE COURT:  Well, it would be the same thing.  I think

3  the advice of counsel, if there are any motions in limine that

4  have to do with the advice of counsel, I think probably the

02:21  5  timing would be about the same.

6  MR. SHEPPARD:  And in all honesty, I could almost

7  assuredly there will be a motion with regards to advice of

8  counsel, if not to both defendants, certainly with regard to at

9  least one, Mr. Paredes in that regard, and so --

02:21  10  THE COURT:  How about October 15th for disclosure of

11  any expert witnesses and disclosure of any reliance on an

12  advice of counsel defense.  The 16th would be the Monday, by

13  the 16th, the close of business on the 16th, and that way

14  you'll have time to digest what has been disclosed and file

02:21  15  your motions in limine by the 30th if whatever has been

16  disclosed is deserving of motions in limine.

17  So I will order that either side -- both sides disclose any

18  expert witnesses together with a brief summary of what that

19  expert witness is an expert in or is planning to talk about as

02:22  20  well as if the defense is planning to rely on an advice of

21  counsel defense, if they could make that disclosure by the 16th

22  of October.  That way motion in limine will be due the 30th of

23  October, and I will hear the motions in limine on November 13th

24  at 10:00.  Otherwise, I will see you on September 25th at 2:30

02:22  25  for the other motions.

1    MS. APPELBAUM:  One other portion of the motion that
2    we had made a reference, we had made a request for early
3    disclosure of a witness and exhibit list from the prosecution
4    in this case because this case is just so voluminous and there
02:22   5    are so many exhibits.

6    THE COURT:  Can you do that by the 16th of October?

7    MR. SHEPPARD:  I think we can do it right around the
8    in limine date, but the reason I say it is -- I know
9    Your Honor's worried about moving targets, et cetera.  I can
02:22   10    assert that individuals have even still continued to come
11    forward to offer evidence against these defendants.

12    THE COURT:  I'll tell you what.  I'll order that you
13    disclose it by the 16th of October.  If there are witnesses or
14    exhibits that you then discover between October 16th and the
02:23   15    motion in limine date that you would like to add, you can bring
16    those to my attention, and we can discuss why they're being
17    disclosed at that late a date.  I'm not foreclosing bringing
18    them in at that point in time.

19    MR. SHEPPARD:  And just so I know what's to be
02:23   20    expected with regards to exhibits, Your Honor, you're not
21    talking about a -- Exhibit 1 is this page -- are we talking how
22    we do in our trial memo, that Exhibits B, claim files, of
23    these --

24    THE COURT:  Correct.

02:23   25    MR. SHEPPARD:  Okay.  I'm just making sure -- I don't

think we can pull this and prep that far in advance, label everything.

THE COURT: You don't have to have them all marked. I just want the defense to know what in general you are planning to introduce in your case in chief.

MR. SHEPPARD: That's fine.

MS. APPELBAUM: Like the Bates stamps that you already have, if you would just let us know what you're planning on using.

THE COURT: Or it can be general category. We plan to admit all the -- I'm using --

MR. SHEPPARD: Claim files.

THE COURT: -- claim files of this particular individual, something along those lines.

MR. SHEPPARD: Thank you.

THE COURT: Okay. We will see you then the 25th of September at 2:30 for motions.

MR. SHEPPARD: And just for everyone -- before everyone departs, for the record, we'll be submitting to counsel a joint motion to exclude time under the Speedy Trial Act.

THE COURT: I find that time should be excluded. They've just filed a motion. I haven't ruled on it yet. At least it will be excluded until the 25th of September, and we can discuss the 25th of September where we're going to go from

1    there.   Okay?

2                    MR. SHEPPARD:   Thanks, Your Honor.

3                    THE COURT:   Thank you.

4                           ---OOO---

5

6                    C-E-R-T-I-F-I-C-A-T-I-O-N

7

8         I certify that the foregoing is a correct transcript from

9    the record of proceedings in the above-entitled matter.

10

11                   Dated September 17, 2017, at San Diego, California.

12

13
                             /s/ Dana Peabody
14                           Dana Peabody,
                             Registered Diplomate Reporter
15                           Certified Realtime Reporter

16

17

18

19

20

21

22

23

24

25